1  **FARAH LAW, P.C.**
2  Neda Farah (State Bar No. 269819)
   265 S. Doheny Dr., Suite # 102
3  Beverly Hills, California 90211
   Telephone: 310-666-3786
4  Facsimile: 775-261-1726
   E-Mail: neda@nedafarahlaw.com
5  *Attorney for the Plaintiff*

6

                    UNITED STATES DISTRICT COURT
7
                    EASTERN DISTRICT OF CALIFORNIA
8

9

10 | BRANDI B. TAYLOR,                                    | Case No.
   |                                                      |
11 |                Plaintiff,                            | **COMPLAINT FOR DAMAGES**
   |                                                      |
12 |       v.                                             | **1. VIOLATION OF THE FAIR DEBT COLLECTION PRACTICES ACT, 15 U.S.C. §1692 ET SEQ.**
13 | HEALTHCARE REVENUE RECOVERY                          |
   | GROUP, LLC dba ARS ACCOUNT                           | **2. VIOLATION OF THE TELEPHONE CONSUMER PROTECTION ACT, 47 U.S.C. §227 ET SEQ.**
14 | RESOLUTION SERVICES,                                 |
15 |                Defendant.                            |
   |                                                      | **3. VIOLATION OF THE ROSENTHAL FAIR DEBT COLLECTION PRACTICES ACT, CAL. CIV. CODE §1788 ET SEQ.**
16
17
   |                                                      | **DEMAND FOR JURY TRIAL**
18

19                              **COMPLAINT**

20     NOW COMES Plaintiff BRANDI B. TAYLOR ("Plaintiff"), by and through her attorneys,

21 FARAH LAW, P.C., complaining as to the conduct of HEALTHCARE REVENUE RECOVERY

22 GROUP, LLC dba ARS ACCOUNT RESOLUTION SERVICES ("Defendant") as follows:

23                            **NATURE OF THE ACTION**

24    1. Plaintiff brings this action for damages pursuant to the Fair Debt Collection Practices Act

25

26 ("FDCPA") under 15 U.S.C. §1692 *et seq.*, the Telephone Consumer Protection Act ("TCPA")

27

28

                                            1

under 47 U.S.C. §227 *et seq.*, and the Rosenthal Fair Debt Collection Practices Act ("RFDCPA") pursuant to Cal. Civ. Code §1788 *et seq.*, for Defendant's unlawful conduct.

## JURISDICTION AND VENUE

2.  This action arises under and is brought pursuant to the FDCPA and TCPA. Subject matter jurisdiction is conferred upon this Court by 15 U.S.C. §1692, 47 U.S.C. § 227, 28 U.S.C. §§1331 and 1337, as the action arises under the laws of the United States. Supplemental jurisdiction exists for Plaintiff's state law claim pursuant to 28 U.S.C. §1367.

3.  Venue is proper in this Court pursuant to 28 U.S.C. §1391 as Defendant conducts business in the Eastern District of California, and a substantial portion of the events or omissions giving rise to the claims occurred within the Eastern District of California.

## PARTIES

4.  Plaintiff is a consumer over the age of 18 residing in San Joaquin County, California, which is located within the Eastern District of California.

5.  Plaintiff is a natural "person" as defined by 47 U.S.C. §153(39).

6.  Defendant "is an outside agency that specializes in collections related to medical debts."[1] Defendant is a third-party debt collector organized under the laws of the State of Florida, with its principal place of business located at 1643 North Harrison Parkway, Building H, Suite 100, Sunrise, Florida 33323. Defendant regularly collects upon consumers residing within the State of California.

7.  Defendant is a "person" as defined by 47 U.S.C. §153(39).

8.  Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives and insurers at all times relevant to the instant action.

---

[1] https://www.arspayment.com/why-does-ars-account-resolution-services-want-to-contact-me/

2

**FACTS SUPPORTING CAUSES OF ACTION**

9. The instant action stems from Defendant's attempts to collect upon medical payments that Plaintiff purportedly defaulted upon ("subject debt").

10. Upon information and belief, after the subject debt was purportedly in default, the subject debt was assigned to Defendant for collection purposes.

11. In late 2020, Plaintiff began receiving calls to her cellular phone, (209) XXX-6769, from Defendant.

12. At all times relevant to the instant action, Plaintiff was the sole subscriber, owner, and operator of the cellular phone ending in -6769.  Plaintiff is and always has been financially responsible for the cellular phone and its services.

13. Defendant has used various phone numbers when placing calls to Plaintiff's cellular phone, including but not limited to: (559) 549-5208 and (559) 412-5624.

14. Upon information and belief, the above-referenced phone numbers are regularly utilized by Defendant during its debt collection activity.

15. Upon answering phone calls from Defendant, Plaintiff has experienced a significant pause, lasting a handful of seconds in length, before being connected with a live representative.

16. Plaintiff, through her contacts with Defendant, was informed that Defendant was acting as a debt collector attempting to collect upon the subject debt.

17. Plaintiff informed Defendant that she is experiencing financial distress and is unable to make payment.

18. Rather than being mindful of Plaintiff's financial situation, Defendant's representatives continued placing systematic phone calls, and persisted with their coercive attempts at extracting payment from Plaintiff.

19. Aggravated over Defendant's harassing contacts, Plaintiff demanded that Defendant stop contacting her.

20. For instance, on or about January 8, 2021, Defendant placed at least two calls to Plaintiff's cellular phone, and Plaintiff spoke with Defendant on that date and requested that the calls cease

21. In response, Defendant's representatives have informed Plaintiff that she would be removed from Defendant's call list and have assured Plaintiff that she would not receive any further calls.

22. Despite Plaintiff's demands, Defendant has continued to systematically place phone calls to Plaintiff's cellular phone seeking collection of the subject debt.

23. For example, on or about January 15, 2021, Defendant placed another call to Plaintiff's cellular phone, prompting Plaintiff to return its call and reiterate her demands once more.

24. During this conversation, Defendant's representative falsely informed Plaintiff that she had never previously requested that the calls stop, but again, Defendant's representative assured Plaintiff that going forward, she would not receive any further calls.

25. Yet, Defendant has even placed multiple calls to Plaintiff's cellular phone during the same day.

26. Plaintiff has received at least 5 phone calls from Defendant since asking it to stop calling.

27. Due to Defendant's conduct, Plaintiff was forced to hire counsel and her damages therefore include reasonable attorneys' fees incurred in prosecuting this action.

28. Due to Defendant's conduct, Plaintiff is entitled to statutory damages, punitive damages and all other appropriate measures to punish and deter Defendant and other collectors from engaging in the unlawful collection practices described in this Complaint, *supra*.

29. Plaintiff has been unfairly and unnecessarily harassed by Defendant's actions.

30. Plaintiff has suffered additional concrete harm as a result of Defendant's actions, including but not limited to: invasion of privacy, aggravation that accompanies collection telephone calls, emotional distress, increased risk of personal injury resulting from the distraction caused by the never-ending calls, increased usage of her telephone services, loss of cellular phone capacity, diminished cellular phone functionality, decreased battery life on her cellular phone, and diminished space for data storage on her cellular phone.

### COUNT I – VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT

31. Plaintiff repeats and realleges paragraphs 1 through 30 as though full set forth herein.

32. Plaintiff is a "consumer" as defined by 15 U.S.C. §1692a(3) of the FDCPA.

33. Defendant is a "debt collector" as defined by §1692a(6) of the FDCPA, because it regularly use the mail and/or the telephone to collect, or attempt to collect, delinquent consumer accounts.

34. Defendant identifies itself as a debt collector, and is engaged in the business of collecting or attempting to collect, directly or indirectly, defaulted debts owed or due or asserted to be owed or due to others. Defendant has also been a member of the Association of Credit and Collection Professionals ("ACA") since 2005.[2]

35. The subject debt is a "debt" as defined by FDCPA §1692a(5) as it arises out of a transaction due or asserted to be owed or due to another for personal, family, or household purposes.

    **a. Violations of FDCPA §1692c(a)(1) and §1692d**

36. The FDCPA, pursuant to 15 U.S.C. §1692d, prohibits a debt collector from engaging "in any conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt." §1692d(5) further prohibits, "causing a telephone to ring or engaging any person in telephone conversation repeatedly or continuously with intent to annoy, abuse, or harass any person at the called number."

---

[2] http://www.acainternational.org/search#memberdirectory

5

37. Defendant violated §1692c(a)(1), d, and d(5) when it repeatedly called Plaintiff after being notified to stop. Defendant called Plaintiff at least 5 times after she demanded that it stop calling, in just a short period of time. This repeated behavior of systematically calling Plaintiff's phone in spite of her demands was harassing and abusive. The frequency and nature of calls, including multiple calls during the same day, shows that Defendant willfully ignored Plaintiff's pleas with the goal of annoying and harassing her.

38. Defendant was notified by Plaintiff that its calls were not welcomed. As such, Defendant knew that its conduct was inconvenient and harassing to her.

    **b. Violations of FDCPA § 1692e**

39. The FDCPA, pursuant to 15 U.S.C. §1692e, prohibits a debt collector from using "any false, deceptive, or misleading representation or means in connection with the collection of any debt."

40. In addition, this section enumerates specific violations, such as:

> "The use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer." 15 U.S.C. §1692e(10).

41. Defendant violated §1692e and e(10) when it used deceptive means to collect and/or attempt to collect the subject debt. In spite of the fact that Plaintiff informed Defendant of her financial hardship, as well as her demands that Defendant stop contacting her, Defendant continued to place automated calls to Plaintiff's cellular phone in a deceptive attempt to force Plaintiff to answer and ultimately make a payment. Through its conduct, Defendant misleadingly represented to Plaintiff that it had the legal ability to contact her via an automated system when it no longer had consent to do so.

42. Defendant further violated §1692e and e(10) through its false representations. Specifically, Plaintiff initially demanded that Defendant stop calling, and in response, Defendant's

representative assured Plaintiff that she would be removed from Defendant's call list.  Upon receiving another phone call mere days later, Plaintiff reiterated this request and much to her dismay, Defendant's representative falsely denied that Plaintiff had previously made such request.

### c. Violations of FDCPA § 1692f

43. The FDCPA, pursuant to 15 U.S.C. §1692f, prohibits a debt collector from using "unfair or unconscionable means to collect or attempt to collect any debt."

44. Defendant violated §1692f when it unfairly and unconscionably attempted to collect on a debt by continuously calling Plaintiff a number of times after being notified to stop. Attempting to coerce Plaintiff into payment by placing systematic phone calls without her permission is unfair and unconscionable behavior. These means employed by Defendant only served to worry and confuse Plaintiff.

45. As pled in paragraphs 27 through 30, *supra,* Plaintiff has been harmed and suffered damages as a result of Defendant's illegal actions.

WHEREFORE, Plaintiff, BRANDI B. TAYLOR, respectfully requests that this Honorable Court enter judgment in her favor as follows:

a. Declaring that the practices complained of herein are unlawful and violate the aforementioned bodies of law;

b. Awarding Plaintiff statutory damages of $1,000.00 as provided under 15 U.S.C. §1692k(a)(2)(A);

c. Awarding Plaintiff actual damages, in an amount to be determined at trial, as provided under 15 U.S.C. §1692k(a)(1);

d. Awarding Plaintiff costs and reasonable attorney fees as provided under 15 U.S.C. §1692k(a)(3);

e. Enjoining Defendant from further contacting Plaintiff seeking payment of the subject debt; and

f. Awarding any other relief as this Honorable Court deems just and appropriate.

**COUNT II – VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT**

46. Plaintiff repeats and realleges paragraphs 1 through 45 as though fully set forth herein.

47. The TCPA, pursuant to 47 U.S.C. § 227(b)(1)(iii), prohibits calling persons on their cellular phone using an automatic telephone dialing system ("ATDS") or prerecorded messages without their consent.  The TCPA, under 47 U.S.C. § 227(a)(1), defines an ATDS as "equipment which has the capacity...to store or produce telephone numbers to be called, using a random or sequential number generator; and to dial such numbers."

48. Defendant used an ATDS in connection with its communications directed towards Plaintiff's cellular phone.  The significant pause, lasting a handful of seconds in length, which Plaintiff has experienced during answered calls is instructive that an ATDS was being utilized to generate the phone calls. Additionally, Defendant's continued contacts to Plaintiff's cellular phone after Plaintiff demanded that the phone calls stop further demonstrates Defendant's use of an ATDS.  Moreover, the nature and frequency of Defendant's contacts points to the involvement of an ATDS.

49. Upon information and belief, the system employed by Defendant to place phone calls to Plaintiff's cellular phone has the *capacity* – (A) to store or produce telephone numbers to be called, using a random or sequential number generator; and (B) to dial such numbers.

50. Defendant violated the TCPA by placing at least 5 phone calls to Plaintiff's cellular phone using an ATDS messages without her consent. Any consent that Plaintiff *may* have given to the originator of the subject debt, which Defendant will likely assert transferred down, was specifically revoked by Plaintiff's demands that it cease contacting her.

51. The calls placed by Defendant to Plaintiff were regarding collection activity and not for emergency purposes as defined by the TCPA under 47 U.S.C. §227(b)(1)(A)(i).

52. Under the TCPA, pursuant to 47 U.S.C. § 227(b)(3)(B), Defendant is liable to Plaintiff for at least $500.00 per call. Moreover, Defendant's willful and knowing violations of the TCPA should trigger this Honorable Court's ability to triple the damages to which Plaintiff is otherwise entitled to under 47 U.S.C. § 227(b)(3)(C).

WHEREFORE, Plaintiff, BRANDI B. TAYLOR, respectfully requests that this Honorable Court enter judgment in her favor as follows:

a. Declaring that the practices complained of herein are unlawful and violate the aforementioned statutes and regulations;

b. Awarding Plaintiff damages of at least $500.00 per phone call and treble damages pursuant to 47 U.S.C. §§ 227(b)(3)(B)&(C);

c. Awarding Plaintiff costs and reasonable attorney fees; and

d. Awarding any other relief as this Honorable Court deems just and appropriate.

**COUNT III – VIOLATIONS OF THE ROSENTHAL FAIR DEBT COLLECTION PRACTICES ACT**

53. Plaintiff restates and realleges paragraphs 1 through 52 as though fully set forth herein.

54. Plaintiff is a "person" as defined by Cal. Civ. Code § 1788.2(g).

55. The subject debt is a "debt" and "consumer debt" as defined by Cal. Civ. Code § 1788.2(d) and (f).

56. Defendant is a "debt collector" as defined by Cal. Civ. Code § 1788.2(c).

**a. Violations of RFDCPA § 1788.10 -1788.17**

57. The RFDCPA, pursuant to Cal. Civ. Code § 1788.17 states that "Notwithstanding any other provision of this title, every debt collector collecting or attempting to collect a consumer debt shall comply with the provisions of Section 1692b to 1692j, inclusive of, and shall be subject to the remedies in Section 1692k of, Title 15 of the United States Code."

58. As outlined above, through its continuous attempts to collect upon the subject debt, Defendant violated 1788.17; and §§1692d, e, and f. Defendant engaged in a harassing, deceptive

and unconscionable campaign to collect from Plaintiff through the implicit misrepresentations made on phone calls placed to Plaintiff's cellular phone. Through its conduct, Defendant misleadingly represented to Plaintiff that it had the lawful ability to continue contacting her cellular phone using an automated system absent her consent. Such lawful ability was revoked upon Plaintiff demanding that Defendant stop calling her cellular phone, illustrating the deceptive nature of Defendant's conduct. Moreover, Defendant's actions were deceptive and unfair as it continued to barrage Plaintiff with collection phone calls, including a number of phone calls during the same day, despite having knowledge that these calls were unwanted.

59.  Defendant willfully and knowingly violated the RFDCPA through its unlawful collection efforts. Defendant's willful and knowing violations of the RFDCPA should trigger this Honorable Court's ability to award Plaintiff statutory damages of up to $1,000.00, as provided under Cal. Civ. Code § 1788.30(b).

WHEREFORE, Plaintiff, BRANDI B. TAYLOR, respectfully requests that this Honorable Court enter judgment in her favor as follows:

a. Declare that the practices complained of herein are unlawful and violate the aforementioned statute;

b. Award Plaintiff actual damages, pursuant to Cal. Civ. Code § 1788.30(a);

c. Award Plaintiff statutory damages up to $1,000.00, pursuant to Cal. Civ. Code § 1788.30(b);

d. Award Plaintiff costs and reasonable attorney fees as provided pursuant to Cal. Civ. Code § 1788.30(c);

e. Enjoining Defendant from further contacting Plaintiff; and

f. Award any other relief as the Honorable Court deems just and proper.

Dated: February 25, 2021                    Respectfully submitted,

By: /s/ Neda Farah

|   |   |
|---|---|
| 1 | |
| 2 | Neda Farah, Esq.<br>**FARAH LAW, P.C.**<br>265 S. Doheny Dr., Suite # 102<br>Beverly Hills, California 90211<br>Telephone: 310-666-3786<br>Facsimile: 775-261-1726<br>E-Mail: neda@nedafarahlaw.com |
| 3 | |
| 4 | |
| 5 | |
| 6 | |
| 7 | |
| ... | |
| 28 | |